260 N.J. Super. 397 (1992)
616 A.2d 1297
ELIZABETH A. DABAL, PLAINTIFF-APPELLANT,
v.
LEONARD SODORA, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1992.
Decided September 28, 1992.
*398 Before Judges PRESSLER and KESTIN.
Walter L. Faust argued the cause for appellant (Kenneth D. Iulo, attorney; Mr. Faust, on the brief).
Rose A. Peligri argued the cause for respondent (Harwood Lloyd, attorney; Brian C. Gallagher, of counsel; Ms. Peligri, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
*399 This is a so-called verbal threshold case in which plaintiff Elizabeth Dabal appeals from a summary judgment dismissing her automobile-negligence personal-injury action by which she sought damages for soft-tissue injuries she sustained when defendant Leonard Sodora backed out of his driveway, colliding with the car she was driving. We reverse.
The pertinent facts of record may be briefly recited. The accident occurred on December 31, 1989. Plaintiff came under the care of Dr. Conte, an osteopathic physician, who treated her over a period of several years with a variety of modalities including EMS, heat, vibration, ultrasound, cortisone injections, muscle relaxants and anti-inflammatory medication, all designed to relieve the symptoms of her soft-tissue cervical and lumbar injuries. The report rendered by Dr. Horowitz, her proposed medical expert, based on his examination made nearly two years after the accident, notes objective findings, confirmed by radiology diagnostics, of a disc bulge at both C2-C3 and C6-C7, a projection at C4-C5, derangement and myalgia of the cervical spine, and various other structural irregularities, resulting in significant rotation, flexion, and extension limitations involving plaintiff's cervical region, lumbar-dorsal region, shoulder and hip. Dr. Horowitz' diagnosis included a cervical hyperacceleration injury, diffuse cervical and lumbar myositis, shoulder fibromyositis, myofascial pain syndrome, contusions and sprain of the lumbosacral region, and acute post-traumatic lumbosacral injury. Dr. Horowitz attributed all of these conditions to the accident and opined that they were permanent.
In her affidavit opposing defendant's motion for summary judgment, plaintiff described the effect of her injuries on her daily activities. She stated that she is no longer able to do all her housework, that she cannot sit or drive for more than 25 minutes without experiencing back and neck pain, and that back *400 and neck pain disturb her sleep. She also said that in the two years since the accident she has been unable to go dancing, an important social activity in which she had engaged two or three times a week prior to the accident.
Based on the foregoing, the trial judge concluded that plaintiff's soft tissue injuries, although they might have met the objective standards prescribed by N.J.S.A. 39:6A-8a, and more particularly the sixth, seventh and eighth unnumbered categories thereof, nevertheless failed, as a matter of law, also to meet the more subjective test of a serious injury which has a "serious impact on plaintiff's life" which we superimposed on the objective criteria in Oswin v. Shaw, 250 N.J. Super. 461, 595 A.2d 522 (App.Div. 1991). We disagree with the trial judge's conclusion.
We note first that this motion was decided prior to the New Jersey Supreme Court's opinion in Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992), which affirmed and clarified our decision. The Supreme Court's opinion, by committing genuine and material factual disputes respecting plaintiff's meeting of the threshold to jury determination at trial, has significantly affected the perspective from which a trial judge must consider a defendant's verbal-threshold summary judgment motion. Since, contrary to our dictum in Oswin, the judge is not to make a pretrial determination of such factual disputes, it is the standard and familiar summary judgment model which controls pretrial determination of the threshold issue.
We recognize that defendant is entitled to summary judgment if he can demonstrate, based on the motion record including discovery, that plaintiff has, beyond any dispute of fact, failed to meet both the objective and the subjective criteria of compensable soft-tissue injury. Conversely, in order to survive the motion, plaintiff must raise at least a factual question as to both criteria sufficient to warrant a favorable jury finding. *401 Clearly, both criteria must be addressed. As the Supreme Court explained in Oswin:
We understand that one might view the "serious impact on plaintiff's life" test as somewhat subjective. To ensure uniform application of that test, we emphasize that plaintiffs must submit objective, credible evidence that could support a jury finding in his or her favor. We respect the abilities of medical professionals to ascertain the presence of a genuine, disabling injury, but we nevertheless are satisfied that the Legislature sought to guard against a finding of "serious injury" when plaintiff's proofs are based solely on subjective complaints of pain. [Id. at 319, 609 A.2d 415.]
Applying these principles here, we think it evident that plaintiff has raised at least an arguable issue respecting the objective criterion in view of the expert findings of bulging discs and significant limitation of motion prominent among the general panoply of objective findings. Compare Lopez v. Senatore, 65 N.Y.2d 1017, 494 N.Y.S.2d 101, 484 N.E.2d 130 (Ct.App. 1985), cited with approval by the Supreme Court in Oswin, 129 N.J. at 304, 609 A.2d 415.
We are also satisfied that plaintiff has raised, at least based on this record, an arguable question respecting the more subjective criterion of "serious impact." In our view, a plaintiff's loss of the physical ability to continue to engage in a social or recreational activity which had been a significant and important component of that plaintiff's way of life constitutes a qualifying "serious impact." See Brown v. Puente, 257 N.J. Super. 203, 608 A.2d 377 (App.Div. 1992), also decided after the motion proceedings here and referred to with approval by the Supreme Court in Oswin, in which we held that the "serious impact" test was met by a student's resultant inability to continue to engage in scholastic athletics at which he had excelled.
Plaintiff here, a 59 year old woman, has asserted that as a result of her injuries, as well as suffering various other limitations on her customary daily activities, she has also had to give up a primary social activity in which she had frequently engaged *402 prior to the accident. We do not view that assertion as expressing a trivial concern to her if, indeed, dancing had been important to her and if, indeed, her injuries have deprived her of the ability to pursue that activity. Obviously what constitutes a deprivation having only a minimal and inconsequential life-affecting impact on one person may have a serious impact on another person.
There is nothing in this motion record by which the defense attempts to contradict plaintiff's assertion that her objectively established injuries have had the serious impact she asserts on the way she lives. Perhaps further discovery might have enabled defendant to challenge that assertion sufficiently to dissipate the factual issue plaintiff thereby raised. No such effort was made. Consequently, since a genuine and material factual question was raised by plaintiff respecting her meeting of the verbal threshold, the grant of defendant's summary judgment motion was in error.
The summary judgment dismissing the complaint is reversed, and we remand to the Law Division for further proceedings.